ACCEPTED
06-14-00238-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
3/24/2015 10:41:10 AM
DEBBIE AUTREY
CLERK

Cause No. 06-14-00238-CR

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

3/24/2015 10:41:10 AM

DEBBIE AUTREY
Clerk

IN THE COURT OF APPEALS

SIXTH APPELLATE DISTRICT OF TEXAS

AT TEXARKANA, TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MARSHALL DESHUN PARKER

VS.

THE STATE OF TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*

APPELLATE BRIEF PURSUANT TO <u>ANDERS V. CALIFORNIA</u>

Appealed from the 71st Judicial District Court of

Harrison County, Texas

Trial Court No. 13-0417X

Appellant does not request oral argument.

Cause No. 06-14-00238-CR

| | | |
|---|---|---|
| MARSHALL DESHUN PARKER | § | IN THE COURT OF |
| VS. | § | APPEALS, SIXTH DISTRICT |
| THE STATE OF TEXAS | § | STATE OF TEXAS |

## <u>NAMES OF ALL PARTIES AND ATTORNEYS</u>

Pursuant to Texas Rule of Appellate Procedure 38.1(a), Appellant certifies

that the following is a true and correct list of all parties to the trial court's final

judgment, and their counsel:

MARSHALL DESHUN PARKER, Appellant
Telford Unit, New Boston Texas

THE HONORABLE BRAD MORIN, Trial Judge
200 W. Houston
Marshall, Texas 75670

Mr. Kyle Dansby, Trial Attorney for MARSHALL DESHUN PARKER AT
TRIAL
P.O. Box 1914
Marshall, Texas 75671

SCOTT RECTENWALD, Appellate attorney for MARSHALL DESHUN
PARKER
110 W. Fannin St.
Marshall, Texas 75670

Mr. Shawn Connally and Ms. Kristin Kaye,
Assistant District Attorneys AT TRIAL
Mr. Tim Carriker, Assistant District Attorney ON APPEAL
200 W. Houston, 2d Floor
Marshall, Texas 75670

# TABLE OF CONTENTS

NAMES OF ALL PARTIES.................................................................. 2

TABLE OF CONTENTS ................................................................. 3

INDEX OF AUTHORITIES ............................................................. 4

PRELIMINARY STATEMENT ........................................................ 5

ARGUABLE POINTS PRESENTED .................................................... 5

STATEMENT OF FACTS ......................................................... 6

ARGUABLE POINT NUMBER ONE ...................................................... 10

    Summary of Argument ................................................................ 10

    Argument and Authorities    ..................................................... 11

ARGUABLE POINT NUMBER TWO ...................................................... 13

    Summary of Argument ..................................................................... 13

    Argument and Authorities    ..................................................... 14

PRAYER ........................................................................................ 15

CERTIFICATE OF SERVICE ............................................................. 16

# INDEX OF AUTHORITIES

## CASE AUTHORITIES:

Cardona v. State, 665 S.W.2d 492, 493–94 (Tex.Crim.App.1984) .............. 11

Cobb v. State, 851 S.W.2d 871, 873 (Tex.Crim.App.1993) .......................... 11

Davis v. State, 905 S.W.2d 655, 664-65 (Tex. App. --

Texarkana 1995, pet. ref'd)............................................................................. 15

Garrett v. State, 619 S.W.2d 172, 174 (Tex.Crim.App.

[Panel Op.] 1981) ....................................................................................... 11

Jackson v. State, 989 S.W.2d 842 (Tex.App.–Texarkana 1999, no pet.)....... 14

Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App.1973)....................... 14

Latham v. State, 20 S.W.3d 63 (Tex.App.–Texarkana 2000, pet. ref'd)......... 14,15

Sanchez v. State, 603 S.W.2d 869, 871 (Tex.Crim.App.1980).................... 11, 13

Solem v. Helm, 463 U.S. 277, 292, 103 S. Ct. 3001,

77 L. Ed. 2d 637, 650 (1983)......................................................................... 14, 15

## STATUTES AND CODES:

Texas Government Code § 481.133 .......................................................... 10

T.R.A.P. 33.1(a)(1)(A)............................................................................. 115

U.S. CONST., amend. VIII.......................................................................... 14

## PRELIMINARY STATEMENT OF THE CASE

Appellant MARSHALL DESHUN PARKER appeals his conviction for the offenses of Credit or Debit Card Abuse, Burglary of a Building, and Escape from Custody. Appellant plead guilty before the Court on April 17, 2014 (CR Vol. I, Page 21-30) and was sentenced to twenty-four months in the State Jail on counts I and II, probated for a period of five years; and 10 years in TDCJ, probated for five years on Count III (CR Vol I., Pages 31-35). The State filed a motion to revoke the Appellant's probation. Following pleas of not true to the allegations of the motion to revoke, the Court held a hearing and found that motion to revoke should be granted, and sentenced the Appellant to sentences of 22 months for counts I & II, and 8 years on Count III (CR Vol. I, Page 75-76). This is a direct appeal.

## ARGUABLE ISSUES EVALUATED

### ISSUE NUMBER ONE

Was the evidence sufficient to sustain a finding that the Appellant's probation should be revoked?

### ISSUE NUMBER TWO

Was the punishment in the Appellant's case disproportionate and a violation of his rights under the Eighth Amendment to the United States Constitution?

**STATEMENT OF FACTS**

Appellant Marshall Deshun Parker entered a plea of guilt to the offenses of Credit or Debit Card Abuse, Burglary of a Building, and Escape from Custody on April 17, 2014. (CR Vol. I, Page 21-30) The State filed a motion to revoke probation on June 9, 2014, alleging that Appellant had committed the offense of Tampering with a Governmental Record (his own community service log) and had failed to perform community service hours. (CR Vol. 1, Page 62) The State ultimately amended its motion to revoke probation on September 5, 2014 to also allege that the Appellant had evaded arrest or detention, and had possessed urine with the intent to use it to falsify a drug test. (CR Vol. I, Page 68)

On September 16, 2014, the case was called for a hearing on the State's Motion to Revoke Probation, and the parties announced "ready." (RR Vol. I, Page 7) Appellant plead not true to all of the allegations. (RR Vol. I, Pages 8-11)

The State called the Appellant's probation officer Stan Boyd, and Appellant's counsel immediately objected to any testimony from Mr. Boyd on the basis that he had not been given discovery from Mr. Boyd's office in a timely way. (RR Vol. I, Pages 11-13) However, the State offered to agree to a continuance (RR Vol. I, Page 14), and the Court offered to grant a continuance to the Appellant in the event that he felt unready to proceed (RR Vol. I, Page 16). The Appellant

elected to proceed, but continued to object to the introduction of evidence from Mr. Boyd on the basis that it had not been timely provided. The Court overruled that objection. (RR Vol. I, Page 17)

Stan Boyd testified that according to his records, the Appellant would report, but failed to perform community service hours. (RR Vol. I, Page 19) Mr. Boyd testified that Appellant failed to do community service hours for the week of May 9th, 2014, and that Boyd admonished Appellant for failing to perform. (RR Vol. I, Page 20) Mr. Boyd testified that Appellant failed to do his community service for the weeks of May 16, 23, and 30, 2014, but kept trying to make payment or a donation for community service hours (although the policy of the Community Supervisions Office was not to allow a donation until the first half of the community service hours required by the Court had been completed). (RR Vol. I, Page 20-22) Mr. Boyd also testified that the Appellant provided him with a community service log (State's Exhibit 2), which is a governmental document, (RR Vol. I, Page 23) and the log appeared suspicious to him because dates had been altered. (RR Vol. I, Page 25) When Mr. Boyd asked Appellant about the entry, Appellant advised that he had worked for Community Supervision Officer Cruz Vances earlier that day, and had also been to the Art Center, racking up twelve hours on that day. (RR Vol. I, Page 26) Mr. Boyd later had a discussion

with Officer Cruz Vances about whether his signature appeared on that document, and contacted the Arts Center where Appellant indicated that he had performed community service.  As a result of those discussions, Mr. Boyd had a warrant issued for violation of Appellant's probation.  (RR Vol. I, Page 27)

When Appellant next reported to Mr. Boyd, Boyd informed Appellant that he was being arrested for violation of probation.  (RR Vol. I, Page 28)  Detective Cindy Black was sent by the Sheriff's department to detain Appellant, (RR Vol. I, Page 28) but when she attempted to put him in custody, Mr. Boyd observed Appellant flee down the hallway and turn for the courthouse stairs.  (RR Vol. I, Page 29)

Mr. Boyd also testified that another  probationer that he supervised indicated to him that there was a prescription bottle in the third floor restroom where urine samples are collected from probationers. (RR Vol. I, Page 29-30) The pill bottle appeared to contain urine, and bore the Appellant's girlfriend's name. (RR Vol. I, Page 30)   However, upon cross examination, Boyd admitted that he had not seen the Appellant enter the bathroom, (RR Vol. I, Page 33), did not know what exactly was in the pill bottle (RR Vol. I, Page 35), and did not have any idea as to how the pill bottle got into the bathroom (RR Vol. I, Page 33).

Investigator Cindy Black of the Harrison County Sheriff's

Department testified that she was sent by her chief to the third floor of the Harrison County Court House to arrest Appellant for a probation violation (RR Vol. I, Page 50). Mr. Boyd identified her as Investigator Black to Appellant, and advised him that she was there to arrest him for violation of his probation (RR Vol. I, Page 51). As she tried to put handcuffs on Appellant, he threw his arm back and took off running (RR Vol. I, Page 52). She and probation officer Cruz Vances chased Appellant, but Appellant was able to escape. (RR Vol. I, Page 53) A video of the event was introduced into evidence over Appellant's objection that Appellant 's lawyer had only had one chance to view the video, Appellant had never been given a chance to see the video. (RR Vol. I, Page 55) (State's Exhibit #3)

Community Supervision Officer Cruz Vances testified that the community supervision log (State's Exhibit 2) that Appellant had provided to Stan Boyd had a signature of his that had been forged. The log also appeared to indicate that Appellant had worked eight hours and four hours on the same date (RR Vol. I, Page 58).

The State called Investigator Forrest Mitchell to testify, but after a few questions abandoned the allegation that Appellant had falsified a governmental record. (RR Vol. I, Page 71).

After argument from both parties, the Court found that the Appellant had violated the terms of his probation by evading arrest from Inv. Cindy Dowler, by intentionally or knowingly possessing (with intent to use) urine designed to falsify a drug test, and by failing to perform his community service (RR Vol. I, Page 81). The Court revoked the Appellant's probation and imposed the original sentence of eighteen months (RR Vol. I, Page 87)

## ARGUABLE POINT NUMBER ONE

Was the evidence sufficient to sustain a finding that the Appellant's probation should be revoked?

## SUMMARY OF ARGUMENT

Although the State abandoned its allegation concerning tampering with a governmental record, and arguably did not meet its burden to prove Texas Government Code § 481.133 Falsification of Drug Test Results, the record is amply supported with regard to the Appellant's other violations. Since proof of a single violation is sufficient to support revocation, the Court did not abuse its discretion in revoking the Appellant's probation.

# ARGUMENT

The State has the burden of showing by a preponderance of the evidence that the defendant committed a violation of the conditions of his community supervision. Cobb v. State, 851 S.W.2d 871, 873 (Tex.Crim.App.1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. Cardona v. State, 665 S.W.2d 492, 493–94 (Tex.Crim.App.1984). The trial court is the sole judge of the credibility of the witnesses and the weight given to their testimony, and an appellate court must review the evidence in the light most favorable to the trial court's ruling. Garrett v. State, 619 S.W.2d 172, 174 (Tex.Crim.App. [Panel Op.] 1981). Proof of one violation of the terms of community supervision is sufficient to support revocation. Sanchez v. State, 603 S.W.2d 869, 871 (Tex.Crim.App.1980).

The state abandoned its first allegation - that the Appellant had tampered with a governmental record -  his community service log.    (RR Vol. I, Page 71) and (CR Vol. I, Page 68).  Additionally, the State's evidence concerning falsification of a drug test was circumstantial and weak.  Probation officer Stan Boyd admitted that he had not seen the Appellant enter the bathroom where the pill bottle was found. (RR Vol. I, Page 33)   Additionally, no examination or test was ever done on the substance within the pill bottle, and Boyd did not know what

exactly was in the pill bottle (RR Vol. I, Page 35).  Officer Boyd did not have any idea as to how the pill bottle got into the bathroom (RR Vol. I, Page 33), and there was no testimony in the record that Appellant had ever possessed the pill bottle at any time.

However, the uncontradicted testimony at the revocation hearing was that Appellant briefly evaded arrest by Inv. Cindy Black.  Officer Boyd testified to the fact.  (RR Vol. I, Page 29)   Investigator Black testified to the fact (RR Vol. I, Page 51-55).  A video of the event was introduced for the Court to view. (State's Exhibit #3).

Likewise, the uncontradicted testimony appeared to be that Appellant had failed to do community service as directed.  According to Mr. Boyd, the Appellant would report, but would fail to perform community service hours (RR Vol. I, Page 19).  Mr. Boyd admonished Appellant for failing to perform (RR Vol. I, Page 20), but Appellant failed to do his community service for the weeks of May 16, 23, and 30, 2014.  (RR Vol. I, Page 20)   Appellant kept trying to make payment or a donation for community service hours even though the policy of the Community Supervisions Office was not to allow a donation until the first half of the community service hours required by the Court had been completed  (RR Vol. I, Page 20-22).

Since proof of one violation of the terms of community supervision is sufficient to support revocation, the Court did not abuse its discretion. <u>Sanchez</u> at 871. The evidence concerning evading arrest and the failure to perform community service was uncontradicted in any meaningful way.

## ARGUABLE POINT NUMBER TWO

Was the Appellant's sentence disproportionate punishment for the Appellant's offense so as to amount to cruel and unusual punishment under the Eighth Amendment to the United States Constitution?

## <u>SUMMARY OF ARGUMENT</u>

This issue of whether the sentence was disproportionate in this case was not preserved. Even if the issue had been preserved, the Appellant's sentence was within the range of punishment, and the record in Appellant's case did not contain information on the sentences imposed on other criminals in the same jurisdiction and sentences imposed for commission of the same crime in other jurisdictions for this Court to make a determination about disproportionality.

# ARGUMENT

Texas courts have traditionally held that as long as the punishment is within the range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or unusual. See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). However, in Jackson v. State, 989 S.W.2d 842, 845 (Tex. App. --Texarkana 1999, no pet.), this Honorable Court recognized that a prohibition against grossly disproportionate punishment survives under the Eighth Amendment apart from any consideration of whether the punishment assessed is within the range established by the Legislature. See also Latham v. State, 20 S.W.3d 63, 68-9 (Tex. App. -- Texarkana 2000, pet. ref'd).

This Court's proportionality analysis under the Eighth Amendment is guided by (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. Solem v. Helm, 463 U.S. 277, 292, 103 S. Ct. 3001, 77 L. Ed. 2d 637, 650 (1983). Only if the sentence is grossly disproportionate to the offense should the Court consider the remaining factors of the Solem test and compare the sentence received to sentences for similar crimes in the same jurisdiction and to sentences for the same crime in other jurisdictions. Davis v. State, 905 S.W.2d 655, 664-65 (Tex. App. --

Texarkana 1995, pet. ref'd).

In this case, no objection was made to the sentence at the time that it was pronounced. (RR Vol. I, Page 81-82), and therefore nothing was preserved for review.  T.R.A.P. 33.1(a)(1)(A).  See also Jackson v. State, 989 S.W.2d 842, 845 (Tex.App.–Texarkana 1999, no pet.).

However, had the issue been preserved, it would not prevail.  Assuming that this Court went beyond Solem's initial question, no information was provided for comparison to Appellant's sentence in the record, and as such there does not appear to be enough information for the Court to conduct a proportionality analysis. See Jackson v. State, 989 S.W.2d 842 (Tex.App.–Texarkana 1999, no pet.) and Latham v. State, 20 S.W.3d 63 (Tex.App.–Texarkana 2000, pet. ref'd).

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the undersigned respectfully requests that the Court review the foregoing analysis, and grant the motion to withdraw.

RESPECTFULLY SUBMITTED,

SCOTT RECTENWALD
110 W. Fannin
Marshall, Texas 75670
(903) 938-3300
(903) 938-3310- FAX


/s/ Scott Rectenwald
Scott Rectenwald
SBOT # 00794510


Certificate of Service

The undersigned hereby certifies that a true and correct copy of the

foregoing Brief was hand delivered to the office of the Harrison County District

Attorney on March 24, 2015.


/s/ Scott Rectenwald

<u>Certificate of Word Count</u>

The undersigned hereby certifies that the word count for this document is 2778.

<u>/s/ Scott Rectenwald</u>